## National Lumber Company *v.* Mehaffey, Appellant.

*Appeals—Paper-books—Failure to print record—Quashing appeal—Mechanic's lien.*

An appeal from a judgment on a verdict on a scire facias sur mechanic's lien, will be quashed, where it appears that the appellant, although having ample time, printed only a portion of the mechanic's lien, and failed to print the evidence, the charge and exceptions, and also filed no specifications of error, or offered to file them until after the case was called for argument.

Argued April 18, 1906. Appeal, No. 48, April T., 1906, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1903, No. 45, on verdict for plaintiff in case of National Lumber Co. v. Anna J. Mehaffey. Before RICE, P. J., ORLADY, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Scire facias sur mechanic's lien.
The opinion of the Superior Court states the case.

No errors were assigned.

*J. F. Dunlap* and *Elmer R. Snyder*, for appellant.

*J. S. Moorhead*, for appellee.

PER CURIAM, April 23, 1906 :

This was a scire facias upon a mechanic's lien.   The cause having been put at issue came on for trial and resulted in a verdict for the plaintiff.   It appears by the docket entries that a motion for new trial was made by the defendant which was overruled ; that subsequently a petition for rehearing was presented, which, "after due consideration," was refused ; and that judgment having been duly entered upon the verdict, this appeal was taken in July, 1905.   It is thus seen that the appellant had ample time to prepare a paper-book in accordance with our rules.   No reasonable excuse is offered for the failure to do so.   The defects in it are not merely formal.   The mechanic's claim, except as partially recited in the writ, the evidence and the charge of the court are not printed.   The record, as printed, fails to show that any ruling of the court was excepted to.   It is stated in the history of the case that, before the jury was sworn, a motion was made to strike off the lien and dismiss the proceedings, but no record of such motion is printed, nor is the petition, if one was presented as the basis of the motion, printed.   Finally, passing other minor defects in the paper-book, no specifications of error were filed or printed, or offered to be filed or printed, until after the appeal was called for argument and the motion to quash the appeal was made. Even in the absence of such motion, we would be constrained to quash it.   No comment upon the manifest disregard of our rules is called for ; it is apparent that the motion made by the appellant's counsel, after the motion to quash, to continue the cause, in order to give him time to present a paper-book in accordance with our rules, must be refused.

The appeal is quashed at the appellant's cost and the record remitted to the court below.